FILED
U.S. DISTRICT COURT
DISTRICT OF NEBRASKA

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

11 DEC 15 AM 11: 05

OFFICE OF THE CLERK

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | 8:11CR301 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **PLEA AGREEMENT** |
| | ) | |
| LAWRENCE PLEISS, | ) | |
| | ) | |
| Defendant. | ) | |

IT IS HEREBY AGREED between the plaintiff, United States of America, through its counsel, Deborah R. Gilg, United States Attorney and Michael P. Norris, Assistant United States Attorney, and defendant, LAWRENCE PLEISS, and Glenn A. Shapiro, counsel for defendant, as follows:

## I

## THE PLEA

A.   CHARGE(S) & FORFEITURE ALLEGATION(S).

Defendant agrees to plead guilty to Count I of the Indictment. Count I charges a violation of Title 18, United States Code, Section 2252A(a)(2).

B.   In exchange for the defendant's plea of guilty as indicated above, the United States agrees as follows:

      1.   The United States will move to dismiss Count II at the time of sentencing.

## II

## NATURE OF THE OFFENSE

A.   ELEMENTS EXPLAINED.

Defendant understands that the offense to which defendant is pleading guilty has the following elements: 1) The defendant knowingly received, or attempted to receive, a visual depiction in interstate commerce by any means, including by computer; 2) The production of such visual depiction involved the use of a minor engaging in sexually explicit conduct; 3) That such visual depiction was of a minor engaging in sexually explicit conduct; 4) The defendant knew that such visual depiction was of sexually explicit conduct; and 5) The

defendant knew that at least one of the persons engaged in sexually explicit conduct in such visual depiction was a minor.

B.     ELEMENTS UNDERSTOOD AND ADMITTED - FACTUAL BASIS.

Defendant has fully discussed the facts of this case with defense counsel. Defendant has committed each of the elements of the crime, and admits that there is a factual basis for this guilty plea. The following facts would be proven by the United States at trial:

On February 7, 2011, Inv. Scott Haugaard of the Nebraska State Patrol and Omaha FBI Cyber Crimes Task Force was conducting an undercover investigation searching for computers offering to share child pornography. Inv. Haugaard was able to find an IP address assigned to the defendant and browse the defendant's shared file folder. Since February 2, 2011, the IP address assigned to the computer at the defendant's Omaha residence had been identified by law enforcement on 974 occasions as possessing/offering child pornography.

Investigator Haugaard compared the SHA-1 values of 3 files offered from the defendant's computer. The files offered for sharing were fully described in the affidavit accompanying the search warrant for the defendant's residence. The first image focused on the exposed vagina of a three to five year old girl; the second image depicted a ten to twelve year old girl inserting her index finger into her vagina. The third image was a video of an eleven to thirteen year old male receiving oral sex from an adult male.

A search warrant was executed on July 20, 2011. Thirty videos of child pornography were located on a hard drive. Approximately 10,000 images of child erotica were located on the same hard drive. On this same hard drive were numerous pictures of the defendant. A second hard drive had a single video of child pornography with approximately 2,000 images of child erotica. Additional videos of the defendant, not involving child pornography were located on this second hard drive as well. The defendant admitted the computers were his and he was the only user of the computers.

## III

## PENALTIES

A.    Defendant understands that the crime to which defendant is pleading guilty carries the following penalties:

1.    A maximum 20 years in prison and a mandatory minimum of 5 years;

2.    A maximum $250,000 fine; .

3.    A mandatory special assessment of $100 per count;

4.    A term of supervised release of at least 5 years and up to life. Defendant understands that failure to comply with any of the conditions of supervised release may result in revocation of supervised release, requiring defendant to serve in prison all or part of the term of supervised release; and,

5.    Possible ineligibility for certain Federal benefits.

## IV

## AGREEMENT LIMITED TO U.S. ATTORNEY'S OFFICE
## DISTRICT OF NEBRASKA

This plea agreement is limited to the United States Attorney's Office for the District of Nebraska, and cannot bind any other federal, state or local prosecuting, administrative, or regulatory authorities.

## V

## PARTIES' SENTENCING RECOMMENDATIONS

A.    ACCEPTANCE OF RESPONSIBILITY.

The government will not recommend any adjustment for Acceptance of Responsibility if defendant:

1.    Fails to admit a complete factual basis for the plea at the time it is entered, or

2.    Denies involvement in the offense, gives conflicting statements about that involvement, or is untruthful with the court or probation officer, or

3.    Fails to appear in court, or

4.    Engages in additional criminal conduct, or

5.    Attempts to withdraw the plea, or

6.    Refuses to abide by any lawful court order, or

7.    Contests or assists any third party in contesting the forfeiture of property(ies)seized or forfeited in connection with this case.

B.    ADJUSTMENTS, DEPARTURES & REDUCTIONS UNDER 18 U.S.C. § 3553.

The parties agree that defendant may request or recommend additional downward adjustments, departures, including criminal history departures under U.S.S.G. § 4A1.3, and sentence reductions under 18 U.S.C. § 3553, and that the government may oppose any such downward adjustments, departures, and sentence reductions not set forth in Section VI, paragraph A above.

C.    CRIMINAL HISTORY.

The parties have no agreement concerning the defendant's Criminal History Category.

D.    "FACTUAL BASIS" AND "RELEVANT CONDUCT" INFORMATION.

The parties agree that the facts in the "factual basis" paragraph of this agreement, if any, are true, and may be considered as "relevant conduct" under U.S.S.G. § 1B1.3 and as the nature and circumstances of the offense under 18 U.S.C. § 3553(a)(1).

The parties agree that all information known by the office of United States Pretrial Service may be used by the Probation Office in submitting its presentence report, and may be disclosed to the court for purposes of sentencing.

E.    PARTIES' RECOMMENDATION REGARDING SENTENCING.

1) The United States will make a non-binding recommendation that defendant be sentenced to the low end of the advisory guideline range as calculated by the government pursuant to this agreement.

## VI

## DEFENDANT WAIVES APPEAL AND COLLATERAL ATTACK

Except as provided in Section I above, (if this is a conditional guilty plea) the defendant hereby knowingly and expressly waives any and all rights to appeal the defendant's conviction and sentence, including any restitution order in this case, including a waiver of all motions, defenses, and objections which the defendant could assert to the charges or to the Court's entry of

Judgment against the defendant, and including review pursuant to 18 U.S.C. § 3742 of any sentence imposed.

The defendant further knowingly and expressly waives any and all rights to contest the defendant's conviction and sentence in any post-conviction proceedings, including any proceedings under 28 U.S.C. § 2255, except:

(a) The right to timely challenge the defendant's conviction and the sentence of the Court should the Eighth Circuit Court of Appeals or the United States Supreme Court later find that the charge to which the defendant is agreeing to plead guilty fails to state a crime.

(b) The right to seek post conviction relief based on ineffective assistance of counsel, or prosecutorial misconduct, if the grounds for such claim could not be known by the defendant at the time the Defendant enters the guilty plea contemplated by this plea agreement.

(c) If defendant breaches this plea agreement, at any time, in any way, including, but not limited to, appealing or collaterally attacking the conviction or sentence, the United States may prosecute defendant for any counts, including those with mandatory minimum sentences, dismissed or not charged pursuant to this plea agreement. Additionally, the United States may use any factual admissions made by defendant pursuant to this plea agreement in any such prosecution.

## VII
## BREACH OF AGREEMENT

Should it be concluded by the United States that the defendant has committed a crime subsequent to signing the plea agreement, or otherwise violated this plea agreement, the defendant shall then be subject to prosecution for any federal, state, or local crime(s) which this agreement otherwise anticipated would be dismissed or not prosecuted. Any such prosecution(s) may be premised upon any information, statement, or testimony provided by the defendant.

In the event the defendant commits a crime or otherwise violates any term or condition of this plea agreement, the defendant shall not, because of such violation of this agreement, be allowed to withdraw the defendant's plea of guilty, and the United States will be relieved of any obligation it otherwise has under this agreement, and may withdraw any motions for dismissal of charges or for sentence relief it had already filed.

# VIII

## SCOPE OF AGREEMENT

A. This plea agreement embodies the entire agreement between the parties and supersedes any other agreement, written or oral.

B. By signing this agreement, the defendant agrees that the time between the date the defendant signs this agreement and the date of the guilty plea will be excluded under the Speedy Trial Act. The defendant stipulates that such period of delay is necessary in order for the defendant to have opportunity to enter the anticipated plea of guilty, and that the ends of justice served by such period of delay outweigh the best interest of the defendant and the public in a speedy trial.

C. The United States may use against the defendant any disclosure(s) the defendant has made pursuant to this agreement in any civil proceeding. Nothing contained in this agreement shall in any manner limit the defendant's civil liability which may otherwise be found to exist, or in any manner limit or prevent the United States from pursuing any applicable civil remedy, including but not limited to remedies regarding asset forfeiture and/or taxation.

D. Pursuant to 18 U.S.C. § 3013, the defendant will pay to the Clerk of the District Court the mandatory special assessment of $100 for each felony count to which the defendant pleads guilty. The defendant will make this payment at or before the time of sentencing.

E. By signing this agreement, the defendant waives the right to withdraw the defendant's plea of guilty pursuant to Federal Rule of Criminal Procedure 11(d). The defendant may only withdraw the guilty plea in the event the court rejects the plea agreement pursuant to Federal Rule of Criminal Procedure 11(c)(5).

F. This agreement may be withdrawn by the United States at any time prior to its being signed by all parties.

# IX

## MODIFICATION OF AGREEMENT MUST BE IN WRITING

This agreement ends all plea discussions. No promises, agreements or conditions have been entered into other than those set forth in this agreement, and none will be entered into unless in writing and signed by all parties.

## X

### DEFENDANT AND COUNSEL FULLY UNDERSTAND AGREEMENT

By signing this agreement, defendant certifies that defendant read it (or that it has been read to defendant in defendant's native language). Defendant has discussed the terms of this agreement with defense counsel and fully understands its meaning and effect.

## XI

### DEFENDANT SATISFIED WITH COUNSEL

Defendant has consulted with counsel and is satisfied with counsel's representation.

UNITED STATES OF AMERICA
DEBORAH R. GILG
United States Attorney

_12/12/11_
Date

MICHAEL P. NORRIS
Assistant U.S. Attorney

_12-6-11_
Date

GLENN A. SHAPIRO
DEFENDANT

_·12-6-11_
Date

LAWRENCE PLEISS
ATTORNEY FOR DEFENDANT